### RASCH vs. JOHNS AND CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Where a note is in possession of the payee at his death, although inclosed by him, with directions to his executor to hand it over to a creditor afterwards, it will be considered as still belonging of right to his succession.

The makers of a note, may plead in compensation against the endorsee or holder, any demand or claim which they had against the *payee*, at the time of its transfer.

This is an action by the endorsee and holder of a promissory note, subscribed by the defendants, and payable to the order of Theodore Nicolet & Co., sixty days after date. It was endorsed by the *payees* in blank.

The defendants pleaded that the note did not come into EASTERN DIST.<br>*May*, 1839. the possession of the plaintiff, in the ordinary course of business, and that it is subject to the same equities in his hands, as if it were still in possession of the original payees. They set up a large claim in compensation of the note, greatly exceeding it in amount, for sundry bills of exchange which they had purchased from Nicolet & Co., and which had been returned protested for non-acceptance and non-payment. That the firm and succession of Nicolet & Co., was insolvent at the time of the transfer of the note, to the knowledge of the plaintiff.

RASCH<br>*vs.*<br>JOHNS AND CO

It appears from the evidence, that the note in question was found among the papers of the late Theodore Nicolet, after his death, in a sealed letter directed to the plaintiff. This letter was delivered by Nicolet's testamentary executor, about eight days after his suicide. His estate is shown to be insolvent, and the embarrassed state of his affairs was a matter of general notoriety before and at the time of his death. About a week previous, he told one of the witnesses that he would have to stop payment, and that he would not survive it. The note sued on, was intended to be given to the plaintiff for the re-payment of borrowed money, advanced but three days before Nicolet's death. The note in question was not due at the time of the transfer to the plaintiff, and was protested for non-payment. The defendants established their demand in compensation.

There was judgment for the defendants, and the plaintiff appealed.

*Lockett*, for the plaintiff.

*Roselius, contra.*

*Eustis, J.*, delivered the opinion of the court.

The plaintiff sues the defendants on a promissory note. The defendants resist the payment, on the ground that under the circumstances in which the plaintiff received the note, the defendants have a right to plead certain matters in com-

EASTERN DIST. pensation, which they could plead against Nicolet & Co.,
May, 1839.    from whom the plaintiff received the note.

HENRY            It appears that the note was not delivered to the plaintiff,
*vs.*
DUFILHO, JR.   until several days after the decease of Theodore Nicolet; he
Where a note   received it from the hands of his executor, Mr. Blanchard, in
is in possession the letter directed to him by its unfortunate writer.
of the payee at
his death, al-    The note being in the possession of the deceased at the
though inclosed
by him, with di- time of his death, belonged of right to his succession. There
rections to his  was no act in behalf of the deceased or of the plaintiff, which
executors    to
hand it over to divested the former of the property in the note.
a creditor after-
wards, it will be   The effect of the letter as a disposition, *causâ mortis,* we
considered    as cannot consider, until the judgment of the Court of Probates
still belonging
of right to his has been passed upon it.
succession.
The makers of    As the defendants have made out a complete defence to
a note may plead
in compensation the note, supposing it to belong of right to the succession of
against the en-  Nicolet, we think that the compensation pleaded by the
dorsee or hold-
er, any demand defendant, was properly allowed by the District Court.
or claim which
they had against
the payee at the   It is, therefore, ordered, adjudged and decreed, that the
time of its trans- judgment of the District Court be affirmed, with costs.
fer.